# EXHIBIT 1

# CHAPTER 552
# Discrimination Prohibited

552.01   Definitions.
552.02   Prohibited acts of discrimination relating to employment.
552.03   Prohibited acts of discrimination relating to housing and real estate transactions.
552.04   Prohibited acts of discrimination relating to business establishments or public accommodations.
552.05   City services, facilities, transactions and contracts.
552.06   General exceptions.
552.07   Correction or retaliation.
552.08   Preservation of business records.
552.09   Civil Rights Review Board.
552.10   Administrator.
552.11   Complaints.
552.12   Notice.
552.13   Investigation.
552.14   Conciliation.
552.15   Injunctive relief.
552.16   Hearings.
552.17   Hearing decisions.
552.18   Hearing officer.
552.19   Remedial actions.
552.20   Judicial relief.
552.21   Additional remedies.
552.22   Severability.
552.23   Equal opportunity.
552.24   Establishment; purpose.
552.25   Intimidation.
552.99   Penalty.

## 552.01  DEFINITIONS.

(a)  "Advertising" means to make, print, publish, advertise or otherwise disseminate any notice, statement or advertisement, with respect to any employment activity, any business activity, or any educational activity.

(b)  "Age" means 18 years of age or older except as otherwise provided by law.

The Lyceum v. City of South Euclid
Ex. 1 - Ord. Ch. 552
0001

(c)  "Business establishment" means any entity, however organized, which furnishes goods, services or accommodations to the general public. An otherwise qualifying establishment which has membership requirements is considered to furnish services to the general public if its membership requirements consist only of payment of fees or consist only of requirements under which a substantial portion of the residents of the City could qualify.

(d)  "Disability" or "disabled" means, with respect to an individual, a physical or mental impairment, a record of such an impairment, or being perceived or regarded as having such impairment. For purposes of this chapter discrimination on the basis of disability means that no covered entity shall discriminate against a qualified individual with a disability because of that individual's disability. The term "qualified individual with a disability" shall mean an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment positions that the individual holds or desires.

(e)  "Discriminate, discrimination or discriminatory" means any act, policy or practice that, regardless of intent, has the effect of subjecting any person to differential treatment as a result of that person's age, race, color, creed, religion, national origin, ancestry, disability, marital status, military status, gender, gender identity or expression, sexual orientation, source of income, ethnic group, or physical characteristic.

(f)  "Educational institution" means any public or private educational institution including an academy, college, elementary or secondary school, extension course, kindergarten, pre-school, nursery school, university, and any business, nursing, professional, secretarial, technical or vocational school.

(g)  "Employee" means any individual employed or seeking employment from an employer.

(h)  "Employer" means any person who, for compensation, regularly employs four or more individuals, not including the employer's parents, spouse or children. For purposes of this chapter an employer "regularly" employs four individuals when the employer employs four or more individuals for each working day in any 20 or more calendar weeks in the current or previous calendar year. For purposes of this chapter an "employer" is also any person acting on behalf of an employer, directly or indirectly, or any employment agency.

(i)  "Gender" means actual or perceived sex.

(j)  "Gender identity or expression" means having or being perceived as having a gender identity or expression whether or not that gender identity or expression is different from that traditionally associated with the sex assigned to that individual at birth.

(k)  "Labor organization" means any organization that exists and is constituted for the purpose, in whole or in part, of collective bargaining or of dealing with employers concerning grievances, terms or conditions of employment, or of other mutual aid or protection on behalf of employees.

(l)  "Person" means a natural person, firm, corporation, partnership or other organization, association or group of persons however arranged.

(m)  "Physical characteristic" means a bodily condition or bodily characteristic of any person that is from birth, accident, or disease, or from any natural physical development, including individual physical mannerisms including but not limited to height and weight. Physical characteristic shall not relate to those situations where a bodily condition or characteristic will present a danger to the health, welfare or safety of any individual.

(n)  "Place of public accommodation" means inns, taverns, hotels, motels, restaurants, wholesale outlets, retail outlets, banks, savings and loan associations, other financial institutions, credit information bureaus, insurance companies, dispensaries, clinics, hospitals, theaters, recreational parks and facilities, trailer camps, garages, public halls, and all other establishments which offers goods, services, accommodations and entertainment to the public within the City. A place of public accommodation does not include any institution, club or other place of accommodation, which by its nature is distinctly private.

(o)  "Sexual orientation" means actual or perceived heterosexuality, homosexuality or bisexuality.

(p)  "Transaction in real estate" means the exhibiting, listing, advertising, negotiating, agreeing to transfer or transferring, whether by sale, lease, sublease, rent, assignment or other agreement, of any interest in real property or improvements thereon.

(q)  "Religious organization" as defined by R.C. § 2915.01, means any church, body of communicants, or group that is not organized or operated for profit and that gathers in common membership for regular worship and religious observances, and is officially recognized as a religious organization by the Internal Revenue Service.

(Ord. 12-17.  Passed 4-9-18.)

**The Lyceum v. City of South Euclid**
**Ex. 1 - Ord. Ch. 552**
**0002**

**552.02  PROHIBITED ACTS OF DISCRIMINATION RELATING TO EMPLOYMENT.**

With regard to employment, it shall be unlawful for any employers or labor organizations to engage in any of the following acts, wholly or partially for a discriminatory reason:

   (a)   To fail to hire, refuse to hire or discharge an individual;

   (b)   To discriminate against any individual, with respect to compensation, terms, conditions, or privileges of employment, including promotion.

   (c)   To limit, segregate, or classify employees in any way which would deprive or tend to deprive any employee of employment opportunities, or which would otherwise tend to adversely affect his or her status as an employee;

   (d)   To fail or refuse to refer for employment any individual in such a manner that would deprive an individual of employment opportunities, that would limit an individual's employment opportunities or that would otherwise adversely affect an individual's status as a prospective employee or as an applicant for employment;

   (e)   To discriminate against an individual in admission to, or employment in, any program established to provide apprenticeship or other job training, including an on-the-job training program;

   (f)   To print or publish, or cause to be printed or published, any discriminatory notice or advertisement relating to employment. This division shall not be construed so as to expose the person who prints or publishes the notice or advertisement, such as a newspaper, to liability;

   (g)   To discriminate in referring an individual for employment whether the referral is by an employment agency, labor organization or any other person.

(Ord. 12-17.  Passed 4-9-18.)


**552.03  PROHIBITED ACTS OF DISCRIMINATION RELATING TO HOUSING AND REAL ESTATE TRANSACTIONS.**

   (a)   With regard to housing and real estate transactions, it shall be unlawful to engage in any of the following acts wholly or partially for a discriminatory reason:

      (1)   To discriminate by impeding, delaying, discouraging or otherwise limiting or restricting any transaction in real estate;

      (2)   To discriminate by imposing different terms on a real estate transaction;

      (3)   To represent falsely that an interest in real estate is not available for transaction;

      (4)   To include in the terms or conditions of a real estate transaction any discriminatory clause, condition or restriction;

      (5)   To discriminate in performing, or refusing to perform, any act necessary to determine an individual's financial ability to engage in a real estate transaction;

      (6)   For a property manager to discriminate by refusing to provide equal treatment of, or services to, occupants of any real estate which he or she manages;

      (7)   To make, print or publish, or cause to be made, printed or published any discriminatory notice, statement, or advertisement with respect to a real estate transaction or proposed real estate transaction, or financing relating thereto. This division shall not be construed to prohibit advertising directed to physically disabled persons or persons over the age of 55 for the purpose of calling to their attention the existence or absence of housing accommodations or services for the physically disabled or elderly;

      (8)   To discriminate in any financial transaction involving real estate, on account of the location of the real estate be it residential or non-residential ("red-lining");

      (9)   For a real estate operator, a real estate broker, a real estate salesperson, a financial institution, an employee of any of these, or any other person, for the purposes of inducing a real estate transaction from which such person may benefit financially to represent that a change has occurred or will or may occur in the composition with respect to age, race, color, creed, religion, national origin, ancestry, disability, marital status, military status, gender, gender identity or expression, sexual orientation, source of income, ethnic group, or physical characteristic of the owners or occupants in the block, neighborhood or area in which the real property is located or

to represent that this change will or may result in the lowering of property values, an increase in criminal or antisocial behavior, or a decline in the quality of schools in the block, neighborhood or area in which the real property is located ("block-busting");

   (b)   Notwithstanding the provisions of divisions (a)(1) through (a)(9) of this section, it shall not be an unlawful discriminatory practice for an owner to limit occupancy on the basis of a person's low-income, age over 50 years or disability status in accordance with Federal or State law.

   (c)   Notwithstanding the provisions of divisions (a)(1) through (a) (9) of this section, it shall not be an unlawful discriminatory practice for an owner, lessor or renter to refuse to rent, lease or sublease a portion of a single family dwelling unit to a person as a tenant, roomer or boarder where it is anticipated that the owner, lessor or renter will be occupying any portion of the single-family dwelling or to refuse to rent, lease or sublease where it is anticipated that the owner, lessor or renter will be sharing either a kitchen or a bathroom with the tenant, roomer or boarder.

(Ord. 12-17.  Passed 4-9-18.)


## 552.04   PROHIBITED ACTS OF DISCRIMINATION RELATING TO BUSINESS ESTABLISHMENTS OR PUBLIC ACCOMMODATIONS.

   It shall be unlawful for a business establishment or place of public accommodation to engage in any of the following acts wholly or partially for a discriminatory reason:

   (a)   To deny, directly or indirectly, any person the full enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any business establishment or place of public accommodation;

   (b)   To print, publish, circulate, post, or mail, directly or indirectly, a statement, advertisement, or sign which indicates that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a business establishment or place of public accommodation will be unlawfully refused, withheld from or denied an individual, or which indicates that an individual's patronage of, or presence at, the business establishment or place of public accommodation is objectionable, unwelcome, unacceptable or undesirable.

(Ord. 12-17.  Passed 4-9-18.)


## 552.05   CITY SERVICES, FACILITIES, TRANSACTIONS AND CONTRACTS.

   The City shall be bound by the provisions of this chapter to the same extent as private individuals. All contractors proposing to, or currently doing business with the City, shall abide by this chapter.

(Ord. 12-17.  Passed 4-9-18.)


## 552.06   GENERAL EXCEPTIONS.

   (a)   Any practice which has a discriminatory effect and which would otherwise be prohibited by this chapter shall not be deemed unlawful if it can be established that the practice is not intentionally devised to contravene the prohibitions of this chapter and there exists no less discriminatory means of satisfying a business purpose.

   (b)   Unless otherwise prohibited by law, nothing contained in this chapter shall be construed to prohibit promotional activities such as senior citizen discounts and other similar practices designed primarily to encourage participation by protected group.

   (c)   It shall not be an unlawful discriminatory practice for an employer to observe the conditions of a bona fide seniority system or a bona fide employee benefit system such as a retirement, pension or insurance plan which is not a subterfuge or pretext to evade the purposes of this chapter.

   (d)   It shall not be an unlawful discriminatory practice for any person to carry out an affirmative action plan. An affirmative action plan is any plan devised to effectuate remedial or corrective action taken in response to past discriminatory practices, or as otherwise required by State or Federal law.

   (e)   Nothing contained in this chapter shall be deemed to prohibit selection or rejection based solely upon a bona fide occupational qualification or a bona fide physical requirement. Nothing contained in this chapter shall be deemed to prohibit a religious or

The Lyceum v. City of South Euclid
Ex. 1 - Ord. Ch. 552
0004

denominational institution from preferring to employ an individual of a particular religion to perform work connected with the performance of religious activities by the institution. If a party asserts that an otherwise unlawful practice is justified as a permissible bona fide occupational qualification, or a permissible bona fide physical requirement, that party shall have the burden of proving:

   (1)   That the discrimination is in fact a necessary result of such a bona fide condition; and

   (2)   That there exists no less discriminatory means of satisfying the bona fide requirement.

   (f)   If a party asserts that an otherwise unlawful practice is justified as a permissible bona fide religious or denominational preference, that party shall have the burden of proving that the discrimination is in fact a necessary result of such a bona fide condition.

(Ord. 12-17. Passed 4-9-18.)


## 552.07   CORRECTION OR RETALIATION.

   (a)   It shall be an unlawful discriminatory practice to coerce, threaten, retaliate against or interfere with any person in the exercise of, or on account of having exercised, or on account of having aided or encouraged any other person in the exercise of, any right granted or protected under this chapter, or on account of having expressed opposition to any practice prohibited by this chapter.

   (b)   It shall be an unlawful discriminatory practice for any person to require, request, or suggest that a person retaliate against, interfere with, intimidate or discriminate against a person, because that person has opposed any practice made unlawful by this chapter, or because that person has made a charge, or because that person has testified, assisted or participated in any manner in an investigation, proceeding or hearing authorized under this chapter.

   (c)   It shall be an unlawful discriminatory practice for any person to cause or coerce, or attempt to cause or coerce, directly or indirectly, any person in order to prevent that person from complying with the provisions of this chapter.

(Ord. 12-17. Passed 4-9-18.)


## 552.08   PRESERVATION OF BUSINESS RECORDS.

   Where a complaint of discrimination has been filed against a person under this chapter, such person shall preserve all records relevant to the complaint, until a final disposition of the complaint.

(Ord. 12-17. Passed 4-9-18.)


## 552.09   CIVIL RIGHTS REVIEW BOARD.

   (a)   There is hereby created a Civil Rights Review Board, which shall consist of five members, including the Mayor or his or her designee, a member of City Council, and three citizen members appointed by the Mayor and confirmed by City Council. Of the citizen members first appointed, one shall be appointed for a term of one year, one for a term of two years, and one for a term of three years, and thereafter appointments shall be for three years.

   (b)   The Civil Rights Review Board shall have the responsibility to administer the provisions of this chapter and to adjudicate complaints alleging violations of Chapter 552. All administrative proceedings prescribed in this chapter shall be conducted at the Board's expense. The Board shall have and fully exercise the following powers to implement the purposes of this chapter:

   (1)   To hold adjudicative hearings, make findings of fact, issue orders, enforce such orders, and seek judicial and/or administrative relief with respect to any such complaints in accordance with the provisions of this chapter;

   (2)   To subpoena witnesses, compel their attendance, administer oaths, take sworn testimony, and, in connection therewith, to require the production for examination of any documents relating to any matter under investigation or in question before the Board, and enforce such powers by proper petition to any court of competent jurisdiction;

   (3)   To adopt such rules and regulations as the Board may deem necessary to exercise its powers and duties and to carry out the purposes of this chapter; and

   (4)   To do such other acts as are necessary and proper to perform those duties with which the Board is charged under this

The Eyzenbach for the City of South Euclid

Ex. 1 - Ord. Ch. 552

0005

chapter.

(Ord. 12-17. Passed 4-9-18.)

## 552.10 ADMINISTRATOR.

The Mayor, with approval by City Council and upon the recommendation of the Civil Rights Review Board, shall appoint an Administrator who may be a City employee. The Administrator shall have such duties, responsibilities and powers as may be provided by the Board, including, but not limited to, receipt and processing of complaints on behalf of the Board.

(Ord. 12-17. Passed 4-9-18.)

## 552.11 COMPLAINTS.

Any person may allege that a violation of Chapter 552 has occurred, or that a violation will occur and cause injury, by filing with the Civil Rights Review Board, within one year of the alleged violation, a written complaint setting forth his or her grievance. The complaint shall state, on a printed form made available by the Board, the name and address of the complainant, the name and address of the person(s) alleged to have committed a violation of Chapter 552 and the particular facts thereof, and such other information as may be required by the Board. A complaint may be amended at any time. Upon the filing of a complaint, the Administrator shall acknowledge the receipt of the complaint, serving notice thereof to the complainant, which notice shall also contain information as to the time limits and choice of forum provided in this chapter.

(Ord. 12-17. Passed 4-9-18.)

## 552.12 NOTICE.

Within fifteen calendar days after a complaint has been received by the Board, the Administrator shall serve, or cause to be served, in person, or by certified mail, a copy of the complaint on the person (hereinafter referred to as the "respondent") alleged to have violated Chapter 552. Along with the service of the complaint, the Administrator shall advise the respondent in writing of his or her procedural rights and obligations pursuant to this chapter. The respondent may file with the Board an answer to the complaint.

(Ord. 12-17. Passed 4-9-18.)

## 552.13 INVESTIGATION.

(a) Within 30 calendar days after a complaint has been received by the Board, the Administrator shall conduct an investigation of the complaint and shall determine either that:

   (1)   There are reasonable grounds to believe that a violation of Chapter 552 has occurred, in which case the Administrator shall then initiate the conciliation process of Chapter 552; or

   (2)   There are reasonable grounds to believe that a violation of Chapter 552 has not occurred, in which case the Administrator shall then dismiss the complaint by preparing a written notice of dismissal, including the reasons therefore, and notify the parties of the dismissal, within five days, by serving a copy of the notice of dismissal by certified mail on the parties. A copy of the notice shall also be filed with the Board. The notice of dismissal shall advise the complainant of his or her right of appeal under this section. Within 14 days of receipt of the notice of dismissal, the complainant may appeal by filing a written request with the Board for a review of the complaint. By a majority vote, the Board may overrule the dismissal and refer the complaint to the Administrator for conciliation pursuant to Chapter 552.

(b) The Administrator shall complete the investigation within 100 days after receipt of the complaint, unless impracticable, in which case the Administrator shall inform, in writing, the complainant and the respondent of the reasons why the investigation cannot be completed within the time prescribed.

(Ord. 12-17. Passed 4-9-18.)

## 552.14  CONCILIATION.

If the Administrator has made a determination pursuant to Chapter 552 that there are reasonable grounds to believe that a violation of Chapter 552 has occurred, or at such other time after a complaint has been filed, as appropriate, the Administrator shall:

   (a)   Notify the complainant and respondent of the time, place and date of the conciliation conference at least ten days prior thereto, and both parties shall appear at the conciliation conference in person or by attorney; and

   (b)   Attempt to resolve the complaint by methods of conference, conciliation and persuasion with all interested parties and such representatives as the parties may choose to assist them. Conciliation conferences shall be informal and nothing said or done during such conferences shall be made public unless the parties agree thereto in writing. The terms of conciliation agreed to by the parties shall be reduced to writing and incorporated into a consent agreement to be signed by the parties, subject to approval by the Civil Rights Review Board. The terms of the conciliation agreement shall be made public unless the complainant and the respondent agree otherwise, and the Board determines that disclosure is not required to further the purposes of this chapter.

   If the complaint has not been resolved by conciliation within 60 calendar days after it has been received, the Administrator shall refer the complaint to the Civil Rights Review Board for an adjudicative hearing.

(Ord. 12-17.  Passed 4-9-18.)


## 552.15  INJUNCTIVE RELIEF.

At any time after the filing of a complaint, the Administrator may request the Director of Law to petition the appropriate court for temporary or preliminary relief pending final determination of the proceedings under this chapter, or as otherwise necessary to carry out the purposes of this chapter, including an order or decree restraining the respondent from doing or causing any act which would render ineffectual any order or action by the Civil Rights Review Board.

(Ord. 12-17.  Passed 4-9-18.)


## 552.16  HEARINGS.

Within 30 calendar days after the complaint is referred to the Civil Rights Review Board, the Board shall, upon due and reasonable notice to all parties, conduct a hearing on the complaint. Parties to the hearing shall be the complainant and respondent, and such other persons as the Board may deem appropriate. The hearing shall be open to the public. At least seven days before the hearing, the Board shall serve upon the respondent a statement of charges and a summons requiring the attendance of named persons and the production of relevant documents and records. The parties may apply to the Board to have subpoenas issued in the Board's name. Failure to comply with a summons or subpoena shall constitute a violation of this chapter. The parties may file such statements with the Board as they deem necessary. No fewer than three of the same members of the Board must be present at all times during a hearing. The parties may appear before the Board in person or by duly authorized representative, and may be represented by legal counsel. The parties shall have the right to present witnesses and cross-examine witnesses, and all testimony and evidence shall be given under oath or by affirmation, administered by the Civil Rights Review Board and all proceedings to be written or audio recorded to be considered its formal record of proceedings.

(Ord. 12-17.  Passed 4-9-18.)


## 552.17  HEARING DECISIONS.

Where hearings have been held before the Board, only those members of the Board who have attended all hearings on the complaint shall participate in the determination of the complaint. Within 15 days of the close of the hearing, the decision shall be rendered, in the form of a written order which shall include findings of fact, a statement of whether the respondent has violated Chapter 552, and such remedial actions as the Board may order pursuant to Chapter 552. The order shall be served upon the parties by certified mail within 15 days of the date of the decision. The order shall be available for public inspection, and a copy shall be provided to any person upon request and payment of reproduction costs.

(Ord. 12-17.  Passed 4-9-18.)

## 552.18  HEARING OFFICER.

The Civil Rights Review Board, in lieu of conducting a hearing upon complaint, may appoint a hearing officer for the purpose of conducting hearings and reporting the findings thereof to the Board. In conducting such hearings, the hearing officer shall be delegated all powers conferred upon the Board pursuant to this chapter as to subpoenaing witnesses, compelling their attendance, administering oaths, taking sworn testimony, and requiring the production for examination of any documents relating to any matter under investigation or question before the Board. Notice of hearing and the procedures therefore shall be in accordance with Chapter 552. After the conclusion of any hearing, the hearing officer shall report his or her findings to the Board within seven days. Within 15 days after receipt of the findings of the hearing officer, the Board shall render its decision in accordance with Chapter 552.

(Ord. 12-17. Passed 4-9-18.)

## 552.19  REMEDIAL ACTIONS.

(a)  If the Board finds that the respondent has not violated Chapter 552 its order under Chapter 552 shall dismiss the complaint. If the Commission finds the complaint to be frivolous or vindictive, then the costs of these proceedings may be assessed against the complainant.

(b)  If the Board finds that the respondent has violated Chapter 552 its order under Chapter 552 shall provide for the taking of such remedial action(s) as it deems appropriate, which may include, but need not be limited to:

   (1)  Directing the respondent to cease and desist from violations of Chapter 552 and to take such affirmative steps as necessary to effectuate the purposes of this chapter;

   (2)  Recommending to the City's Law Director an appropriate court action for the enforcement of Chapter 552, and for such other or further relief as the court may deem appropriate, including, but not limited to, injunctive relief, compensatory damages, punitive damages, and/or attorneys' fees and costs for award to the complainant; such court action shall be required in the event the respondent does not voluntarily comply with the remedial actions ordered by the Board.

   (3)  Recommending to the Law Director the proceedings for a violation of Federal or State law and/or regulations.

   (4)  Recommending to the Law Director proceedings with any contracting agency, in the case of any violation of Chapter 552 by a respondent in the course of performing under a contract or sub-contract with the State or any political subdivision or agency thereof, or with the United States of America or any agency or instrumentality thereof, for the purpose of causing a termination of such contract or any portion thereof, or obtaining other relief.

   (5)  Recommending to the Law Director proceedings with the State of Ohio where applicable, to revoke, suspend or refuse to renew the license of any person found to have violated any provision of Chapter 552.

   (6)  Directing the respondent to reimburse the complainant for his or her actual and reasonable expenses incurred and to be incurred as a result of each violation found, including, but not limited to, expenses for moving and temporary storage of household furnishings, additional expenses in connection with the purchase or rental of a dwelling for alternative accommodations, and reasonable attorneys' fees and costs.

   (7)  Assessing compensatory damages, as appropriate, or arrange to have adjudicated in court at the Board's expense the award of compensatory damages against the respondent.

   (8)  Assessing civil penalties, as appropriate, or arrange to have adjudicated in court at the Board's expense the award of a civil penalty against the respondent.

   (9)  Directing the respondent to comply with such other further relief as the Board may deem appropriate for the enforcement of Chapter 552.

   (10)  The Civil Rights Review Board shall make a final administrative disposition of a complaint within one year after the complaint has been filed, unless it is impracticable to do so, in which case the complainant and the respondent shall be notified in writing of the reasons why disposition of the complaint cannot be made within the time prescribed.

(c)  Nothing herein shall be construed to prevent the City, upon recommendation from the Board, from initiating appropriate court action on behalf of the complainant in order to enforce the provisions of this chapter. In addition, upon a finding by the Administrator that there are reasonable grounds to believe that a violation of Chapter 552 has occurred, as provided in Chapter 552 either the complainant or the respondent, in lieu of participating in the administrative hearing process before the Civil Rights Review Board, or at

The Lyceum v. City of South Euclid
Ex. 1 - Ord. Ch. 552
0008

any time during said administrative process, may elect to have the case heard in a civil action. Upon notification thereof, the City, at the request of the Board, shall initiate a civil action in a court of law on behalf of the complainant.

    (d)    The complainant and the respondent shall have the right to appeal an adverse final determination by the Board to the Cuyahoga County Common Pleas Court pursuant to R.C. Chapter 2506, or in such other forum or court of competent jurisdiction as provided by law.

(Ord. 12-17. Passed 4-9-18.)

## 552.20 JUDICIAL RELIEF.

The City, or the complainant, or any person aggrieved by a violation of any provision of this chapter may, at any time within one year from the date of the alleged violation, and in lieu of proceeding with the administrative process set forth in this chapter, apply to any court of competent jurisdiction for appropriate relief, including, but not limited to:

    (a)    Injunctive relief or an order otherwise compelling compliance with this chapter;

    (b)    Compensatory damages, and/or punitive damages;

    (c)    Reasonable attorneys' fees and costs, provided that said complainant, in the opinion of the court, is not financially able to assume said attorneys' fees; and/or

    (d)    Such other or further relief as is appropriate for the enforcement of this chapter and the elimination of violations hereof.

(Ord. 12-17. Passed 4-9-18.)

## 552.21 ADDITIONAL REMEDIES.

This chapter shall not prevent the City or any person from exercising any right or seeking any remedy to which that person might otherwise be entitled, or from filing any complaint with any other agency or court of law or equity.

(Ord. 12-17. Passed 4-9-18.)

## 552.22 SEVERABILITY.

If any section, subsection, sentence, clause, phrase or portion of this chapter, or the application thereof to any person, firm, corporation or circumstance, is for any reason held to be invalid or unconstitutional by the decision of a court of competent jurisdiction, such decision shall not affect the validity of the remaining portion thereof. The City Council hereby declares that it would have adopted this chapter and each section, subsection, sentence, clause, phrase, or portion thereof, irrespective of the fact that any one or more sections, subsections, sentences, clauses, phrases, or portions be declared invalid or unconstitutional.

(Ord. 12-17. Passed 4-9-18.)

## 552.23 EQUAL OPPORTUNITY.

No person shall be denied the right to purchase or lease a condominium unit in the City because of age, race, color, creed, religion, national origin, ancestry, disability, marital status, military status, gender, gender identity or expression, sexual orientation, source of income, ethnic group, recipient of public assistance or physical characteristic.

(Ord. 12-17. Passed 4-9-18.)

## 552.24 ESTABLISHMENT; PURPOSE.

The South Euclid Community Relations Advisory Commission is hereby established to serve in an advisory capacity for the purpose of educating, informing and making recommendations to City officials, departments, boards and commissions on matters relating to

The Lyceum v. City of South Euclid
Ex. 1 - Ord. Ch. 552
0009

community relations within the City of South Euclid in an effort to advance:

 (a) <u>Respect for Diversity</u>: Acknowledge we live in a dynamic community with an ever-changing variety of group and individual experiences, and affirm values derived from the understanding of our differences (whether based on age, race, creed, color, religious belief, religion, sex, national origin, ancestry, disability, familial status, marital status, sexual orientation, gender identity or expression, recipient of public assistance, ethnic group, military status, or physical characteristic).

 (b) <u>Bonds of Mutuality</u>: Recognize the interdependence of our different interests as we work toward serving the common good, and ensure community relations have substantive meaning by acknowledging, as Martin Luther King Jr. stated, "Whatever affects one directly affects all indirectly."

 (c) <u>Equity</u>: Affirm our commitment to social justice, and assure all groups and individuals have the opportunity to participate fully in civic affairs with equal access to employment, community resources, and decision-making processes.

(Ord. 12-17.  Passed 4-9-18.)

### 552.25  INTIMIDATION.

 (a) No person shall violate Section 537.05, 537.051, 537.06, 537.10(a)(3), (a)(4) or (a)(5), 541.03 or 541.04 by reason of age, race, creed, color, religious belief, religion, sex, national origin, ancestry, disability, familial status, marital status, sexual orientation, gender identity or expression, recipient of public assistance, ethnic group, military status, or physical characteristic.

 (b) Whoever violates division (a) of this section is guilty of intimidation. A violation of intimidation under division (a) of this section is an offense of the next higher degree than the offense the commission of which is a necessary element of intimidation. In case of an offense that is a misdemeanor of the first degree, whoever violates this section may be prosecuted under R.C. § 2927.12.

(Ord. 12-17.  Passed 4-9-18.)

### 552.99  PENALTY.

Whoever violates any provision of this chapter is guilty of a misdemeanor of the third degree.

(Ord. 12-17.  Passed 4-9-18.)