# EXHIBIT 4



February 1, 2019

Ms. Georgine Welo
Office of the Mayor
Mr. Michael Lograsso
Law Director
City of South Euclid
1349 South Green Road
South Euclid, OH 44121
*Via electronic mail*

<u>RE: Chapter 552's Application to a Religious School</u>

Dear Ms. Welo:

I am the headmaster of The Lyceum, a classical Catholic school, located at 1545 South Green Road in the City of South Euclid. I write to inquire whether Chapter 552 of the City Code of Ordinances (the Ordinance) applies to The Lyceum, especially with respect to the employment and public accommodations/business establishment provisions.

The Ordinance creates a Civil Rights Review Board, which is charged with enforcing the Ordinance. *Id* § 552.09. The Lyceum was unable to find contact information for the Board on the City of South Euclid's website. Accordingly, The Lyceum requests that copies of this letter be sent to the Board members for their review and response as well.

The Lyceum is a nonprofit, private religious school that employs more than four people, and is dedicated to providing students in grades six through twelve with a rigorous Catholic liberal arts education. As a faith community in communion with the Catholic Church, The Lyceum abides by the teachings of the Catholic Church as set forth by the Magisterium and as articulated in the *Catechism of the Catholic Church*, including the Church's teachings on marriage and sexuality and the Church's vision of education.

The Lyceum, consistent with teachings of Holy Scripture and the Magisterium of the Catholic Church, believes that biological sex is objective and immutable, that marriage is an exclusive, lifelong union between a man and woman, and that sexual relations are properly reserved to such a marriage.

The school integrates faith in all of its classes; no subject is divorced from the teachings of Catholic Church.  The Lyceum's Catholic emphasis is not limited to students' intellectual life, but also forms students in their devotional life, especially through Mass and prayer.  All members of The Lyceum community—including faculty, staff, parents, guardians, and students—are expected to abide by Catholic teachings in all aspects of their lives.

The Ordinance prohibits discrimination based on religion, creed, marital status, sexual orientation, and gender identity or expression (among other things) in employment, housing, and public accommodations.

The Lyceum is unsure about whether the City considers it to be a public accommodation; specifically, whether it is an "institution . . . which by its nature is distinctly private."  *See id* § 552.01(n).

The Ordinance defines public accommodations as follows

> "Place of public accommodation" means inns, taverns, hotels, motels, restaurants, wholesale outlets, retail outlets, banks, savings and loan associations, other financial institutions, credit information bureaus, insurance companies, dispensaries, clinics, hospitals, theaters, recreational parks and facilities, trailer camps, garages, public halls, and all other establishments which offers goods, services, accommodations and entertainment to the public within the City.  A place of public accommodation does not include any institution, club or other place of accommodation, which by its nature is distinctly private.

*Id* § 552.01(n).

The Lyceum is likewise unsure about whether the City considers it to be a "business establishment" as defined in section 552.01(c) of the Ordinance.  Is it the City's position that The Lyceum offers educational services "to the general public"?

It is also unclear whether the City considers The Lyceum's religious hiring practices to violate the Ordinance.  The Lyceum is unsure whether the City considers its employment practices to be inconsistent with section 552.02 of the Ordinance.  If it does, the next question is whether the City considers those practices to be legally permissible under section 552.06(e) and (f).  Section 552.06(e) reads as follows:

> Nothing contained in this chapter shall be deemed to prohibit selection or rejection based solely upon a bona fide occupational qualification or a bona fide physical requirement.  Nothing contained in this chapter shall be deemed to prohibit a religious or denominational institution from preferring to employ an individual of a particular religion to perform work connected with the performance of religious activities by the institution.  If a party asserts that an otherwise unlawful practice is justified as a permissible bona fide occupational qualification, or a permissible bona fide physical requirement, that party shall have the burden of proving:

(1) That the discrimination is in fact a necessary result of such a bona fide condition; and
(2) That there exists no less discriminatory means of satisfying the bona fide requirement.

*Id* § 552.06(e). And section 552.06(f) provides with respect to proof: "If a party asserts that an otherwise unlawful practice is justified as a permissible bona fide religious or denominational preference, that party shall have the burden of proving that the discrimination is in fact a necessary result of such a bona fide condition." *Id* § 552.06 (f).

Please respond in writing no later than Thursday, February 15, 2019. If we do not hear from the City by such date, we will take such silence or nonresponse by the City to mean that the City does intend on applying the entire Ordinance to The Lyceum.

Thank you for your consideration and assistance.

    Sincerely,

    s/ *Luke Macik*

    Luke Macik
    Headmaster
    The Lyceum
    1545 South Green Road
    South Euclid, OH 44121
    (216) 707-1121
    lmacik@thelyceum.org