IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Lyceum, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00731 |
| | ) | Judge James S. Gwin |
| | ) | |
| The City of South Euclid, Ohio, | ) | |
| | ) | |
| *Defendant*. | ) | |
| _____ | ) | |

**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL**

Pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff The Lyceum, by and through counsel, hereby gives notice that this action against the Defendant City of South Euclid is voluntarily dismissed without prejudice.

1. The Lyceum's objective in this litigation was clarity. The City of South Euclid passed a sweeping new Ordinance, Section 552 *et seq.*, that was vaguely written and unclear as to whether it would infringe The Lyceum's freedom to make faith-based hiring decisions and otherwise operate its small Catholic school consistently with its Catholic faith. In light of the Ordinance's criminal penalties—fines of up to $500 per day and 60 days in jail—uncertainty posed an unbearable risk.

2. Despite the vocal concerns of The Lyceum and other members of the faith community, the City chose to delete a religious exemption that existed in initial drafts of the Ordinance before passing the law, *see* Pl.'s Ver. Comp. ¶ 90, indicating the City's intent to apply this law to religious institutions.

3. Prior to filing this lawsuit, The Lyceum repeatedly asked the City to clarify how it intended to interpret and apply the Ordinance. But the City refused to answer.

4. The City twice illegally refused to respond to The Lyceum's public records request, in violation of state open records law. *See* Pl.'s Ver. Comp. ¶¶ 105-06.

5. As a final measure, The Lyceum sent a letter to the City's Law Director and Mayor on February 1, 2019, specifically asking whether the Ordinance impacts The Lyceum's religious hiring decisions and whether the City views The Lyceum as a place of public accommodation subject to the Ordinance. *See* Ex. 4 to Pl.'s Ver. Comp.

6. Rather than provide a response to these questions, the City Law Director suggested that The Lyceum hire legal counsel and figure it out. *See* Ex. 5 to Pl.'s Ver. Comp.

7. No citizen should be forced to hire legal counsel—or worse yet, file a federal lawsuit—simply to find out whether it falls under a vague law with criminal penalties. It is a foundational principle of our constitutional order that laws must be clear, particularly when they infringe First Amendment rights or involve criminal penalties. *See McGlone v. Cheek*, 534 F. App'x 293, 297 (6th Cir. 2013) (citing *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982)) (cleaned up); *Winters v. NY*, 333 U.S. 507, 515 (1948) (cleaned up). South Euclid is required to conform its laws to these basic constitutional requirements.

8. Having exhausted its attempts to obtain clarification from the City, The Lyceum filed a Verified Complaint for Declaratory and Injunctive Relief on April 3, 2019.

9. The Lyceum subsequently filed a Motion for Preliminary Injunction on May 7, 2019.

10. In response to The Lyceum's Motion, the City—for the first time since enacting its Ordinance—stated how it interprets the Ordinance with respect to religious schools such as The Lyceum.

11. First, the City repeatedly admitted in its opposition brief that "Plaintiff is not a place of public accommodation" subject to Section 552.04 of the Ordinance. Def.'s Opp. to Pl.'s Mot. for Prelim. Inj. at 4; *see also* 2, 8, 10-12. According to the City, "private schools are not public accommodations" under the Ordinance. *Id*. at 11.

12. Second, the City admitted that The Lyceum's religious hiring practices are exempt under the City's "religious necessity exception," Section 552.06(e)-(f).[1]

13. Though the term "ministerial" appears nowhere in the Ordinance, the City repeatedly stated that all ministerial employees are exempt under the Ordinance. For example, the City stated that the religious necessity exception in Section 552.06(e)-(f) is "an exception allowing religious employers like The Lyceum to exercise their preference to hire ministerial employees who share their religious beliefs." Def.'s Opp. to Pl.'s Mot. for Prelim. Inj. at 2. *See also id*. at 7.

---

[1] The Ordinance states:

> Nothing contained in this chapter shall be deemed to prohibit a religious or denominational institution from preferring to employ an individual of a particular religion to perform work connected with the performance of religious activities by the institution. If a party asserts that an otherwise unlawful practice is justified as a permissible bona fide occupational qualification, or a permissible bona fide physical requirement, that party shall have the burden of proving:
>
>> (1) That the discrimination is in fact a necessary result of such a bona fide condition; and
>>
>> (2) That there exists no less discriminatory means of satisfying the bona fide requirement
>
> If a party asserts that an otherwise lawful practice is justified as a permissible bona fide religious or denominational preference, that party shall have the burden of proving that the discrimination is in fact a necessary result of such a bona fide condition.

Sec. 552.06(e)-(f).

3

14. During the parties' Rule 26(f) teleconference on May 22, 2019, the City's counsel stated that it is the City's position that The Lyceum's administrative employee is "ministerial" as pled in paragraph 112 of the Plaintiff's Verified Complaint.

15. Paragraph 112 reads: "At least one Lyceum employee performs an administrative role that does not involve verbal communication of the Catholic faith but who is expected to provide a Catholic witness by example to The Lyceum students with whom she is in continual contact."

16. City attorney Elizabeth Bonham, in a May 23, 2019, email to Plaintiff's attorney Christiana Holcomb, stated: "Taking The Lyceum's allegations in its Complaint as true, The Lyceum does not currently employ and is not seeking to employ anyone who does not fulfill a ministerial role."

17. Finally, the City's counsel Elizabeth Bonham, in a May 23, 2019, email to Plaintiff's attorney Christiana Holcomb, confirmed that The Lyceum's Employment Statement that it wants to post on its website (attached to Plaintiff's Verified Complaint as Exhibit 7) is also permissible under the Ordinance:

> Finally, I want to reply to your question about "whether the Lyceum's Employment Statement (Compl. Ex. 7) violates the Ordinance."
>
> Taking The Lyceum's allegations in its Complaint as true, The Lyceum does not currently employ and is not seeking to employ anyone who does not fulfill a ministerial role. The Lyceum's employment statement, because it expresses a religious preference in hiring only to fill ministerial positions, is thus permitted under the Ordinance.

18. The Lyceum is satisfied with the City's legal admissions and its assurances before this Court that it does not intend to apply the Ordinance to the school.

19. In sum, The Lyceum has accomplished through litigation what it could not induce the City to produce in response to its letter: an answer.

20. Fed. R. Civ. P. 41(a)(1)(A)(i) provides that if the opposing party has not yet served either an answer to the Complaint or a Motion for Summary Judgment, the Plaintiff may voluntarily dismiss its case without a court order by filing a notice of dismissal.

21. Defendant City of South Euclid has not answered the Complaint, nor filed a Motion for Summary Judgment.

22. Based on the City's representations, Plaintiff hereby gives notice of voluntary dismissal.

23. Therefore, this action should be dismissed without prejudice.

WHEREFORE, Plaintiff hereby gives notice that this action is voluntarily dismissed without prejudice.

Dated this 28th day of May, 2019.

Respectfully submitted,

*s/ Christiana M. Holcomb*

Christiana M. Holcomb*
DC Bar #176922
Christen M. Price*
DC Bar #1016277
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: CHolcomb@ADFlegal.org
Email: CPrice@ADFlegal.org

Matthew M. Nee
Ohio Bar #0072025
NEE LAW FIRM, LLC
Regency Centre
26032 Detroit Road, Suite 5
Westlake, OH 44145
Telephone: (440) 793-7720
Facsimile: (440) 793-7920
Email: Matt@NeeLawFirm.com

David A. Cortman*
GA Bar #188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road NE,
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
Fax: (770) 339-6744
Email: DCortman@ADFlegal.org

*Counsel for Plaintiffs*

*Admitted Pro Hac Vice*