IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **The Lyceum,** | **Case No.** 1:19-cv-731 |
| *Plaintiff*, | **Judge:** James S. Gwin |
| v. | |
| **The City of South Euclid,** | |
| *Defendant*. | |

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL

In its Notice of Voluntary Dismissal (ECF No. 18, the "Notice"), Plaintiff The Lyceum admits that it filed this action not to resolve any dispute, but to achieve "clarity" for itself in interpreting the City's Anti-Discrimination Ordinance.  In other words, Plaintiff's goal was to obtain an advisory opinion—essentially, private legal advice—from the Court or the City.  It is a relief that The Lyceum has now reconsidered this misuse of the federal court system, and the City does not object to dismissal.

In its Notice, however, The Lyceum profoundly distorts both the Ordinance and the parties' preliminary discussions.  In short, the Notice describes not what the Ordinance *is*, but what the Lyceum *wishes it were*: a license to discriminate.[1]  The City is therefore compelled to file this response to correct the record.

---

[1] Notices of voluntary dismissal are pro forma filings that rarely resemble Plaintiff's six-page, argumentative "Notice,"  causing one to wonder whether this Court is The Lyceum's target audience, especially since The Lyceum has used its filing to broadcast its incorrect view of the law to the general public.  *See* https://www.cleveland.com/court-justice/2019/05/catholic-school-drops-lawsuit-over-south-euclids-anti-discrimination-ordinance.html.

1

First and foremost, and contrary to The Lyceum's "Notice," nothing in the United States Constitution, the Ohio Constitution, or the City's Anti-Discrimination Ordinance allows The Lyceum to invoke its religious beliefs as an excuse to refuse to hire historically marginalized classes of people on the basis of characteristics listed in the Ordinance, including race, ethnicity, sexual orientation, gender identity, or disability. The Ordinance contains a narrow exemption that allows The Lyceum to prefer employees who share its religious views, but *only* when hiring for "work connected with the performance of religious activities[.]" Ord. 552.06(e). Such "ministerial" exceptions are routine in non-discrimination laws, and do not provide a blanket license to discriminate in all hiring. The Lyceum's implications to the contrary are false and would effectively nullify the effectiveness of the Ordinance in combatting discrimination.

The Lyceum further represents that the City has approved its hiring activities, and even that the City has somehow provided assurances that the Anti-Discrimination Ordinance will not be enforced against it. Again, that is false. In truth, this case never reached the discovery phase, so the City simply has no idea whether The Lyceum has engaged in unlawful discrimination in hiring, or whether it intends to do so in the future. The Lyceum alleged in its Complaint that all of its employees perform religious activities. The City noted only that, *assuming that those allegations were true*, the Anti-Discrimination Ordinance's ministerial exemption would apply. **There is not, and has never been, a catch-all "religious exemption" in the Ordinance.** Should The Lyceum engage in discriminatory hiring in violation of the Anti-Discrimination Ordinance, and should a complaint be lodged against it for that violation, it will be subject to enforcement like any other employer.

Finally, The Lyceum concludes that it "has accomplished through this litigation what it could not induce the City to produce in response to its letter: an answer." Notice ¶19. But like this Court, the City has no obligation to provide an advisory legal opinion to any person or entity about how its ordinances might apply to purely hypothetical situations. Like the other misrepresentations in the Notice, Plaintiff's claim of a victory is this respect is disingenuous.

Respectfully submitted,

*/s/ Elizabeth Bonham*
Elizabeth Bonham, Trial Counsel (0093733)
Freda J. Levenson (0045916)
Susan J. Becker (0010205)
American Civil Liberties Union of Ohio Fdtn.
4506 Chester Avenue
Cleveland, OH 44103
Tel.: (216) 472-2220
Facsimile: (216) 472-2210
flevenson@acluohio.org
sbecker@acluohio.org
ebonham@acluohio.org

David Carey (0088787)
American Civil Liberties Union of Ohio Fdtn.
1108 City Park Avenue
Columbus, OH 43206
Tel.: (614) 586-1972
dcarey@acluohio.org

Michael E. Cicero (0058610)
Assistant Law Director
City of South Euclid
1349 S. Green Road
S. Euclid, Ohio 44121
Tel.: (216) 381-0400
Fax: (216) 381-0467
cicero@nicola.com

**CERTIFICATE OF SERVICE**

3

4

I certify that on this 29th Day of May, 2019, I filed a copy of the foregoing using the Court's ECF System, and it was served on counsel for all parties through that system.

/s/*Elizabeth Bonham*
Elizabeth Bonham, trial attorney (0093733)
Counsel for the Defendant
